## CIRCUIT COURT OF THE CITY OF RICHMOND

LSB Realty Assocs., L.L.C.

v.

John N. Anderson
and Nancy R. Anderson

June 6, 2001

Case No. HK-2117

By Judge T. J. Markow

LSB Realty, owner of 1208 West Main Street, filed a Bill of Complaint for Declaratory Judgment seeking a declaration, among other things, that the easement over 1210 West Main Street extending to 1208 West Main Street has not been terminated and is valid. The Andersons, owners of 1210 West Main Street, filed a Cross-Bill asserting that they had extinguished the easement by adverse possession. A trial was held on June 1, 2001, at which time the court heard evidence *ore tenus*.

The parties filed a Joint Stipulation of Facts which included a decree entered by the Chancery Court of the City of Richmond on October 17, 1947, which granted to the owner of 1208 West Main Street, Helen S. Williams, "a right of way appurtenant to said lot No. 1208 across the rear of the premises at No. 1210, which right of way is twelve feet wide, and extends from the rear of No. 1208 across the rear of No. 1210 to Brunswick Street." The parties also stipulated that the Andersons purchased 1210 West Main Street in 1976 and that LSB purchased 1208 West Main Street in 1997.

Testimony by virtually every witness established that a cinderblock wall approximately two and one-half feet high ran across the easement parallel to the property line between 1208 and 1210 West Main Street. The cinderblock wall had one or more steps cut into it. By most accounts, the wall was high

enough to prevent a vehicle from crossing it but it was easily traversed by a pedestrian. Nancy Anderson testified that the cinderblock wall had been there since the Andersons purchased the property. The wall was torn down by the plaintiff in 1999.

Nancy Anderson also testified, without contradiction, that when the Andersons purchased the property there was a wooden fence that had been erected on top of the cinderblock wall. The fence was approximately eight feet tall and had a gate in it. The wooden fence remained on top of the cinderblock wall until the owners of LSB had it removed sometime shortly after they purchased 1208 West Main Street. There is no evidence that the Andersons or their predecessors built the wall or the fence.

The testimony was also undisputed as to how the Andersons used the easement. They operate a printing shop at 1210 West Main Street. The area behind the shop, part of which constituted the easement, was used for employee and customer parking.

As to the use of the easement by owners or tenants of 1208 West Main Street, the testimony was conflicting. Robert Brown, a member of LSB, testified that he had walked on the easement with City officials to show it to them for zoning purposes, without objection by the defendants.

Roy Scherer, a residential tenant of 1208 West Main Street from about 1976 to about 1980, testified that he walked across the easement several times a month while he was a tenant. Mr. Scherer also explained his use of the easement for parking purposes, and Nancy and Theresa Anderson corroborated this testimony. He testified that he once parked a vehicle in the easement and received a towing notice. He stated that after that incident he occasionally parked a vehicle in the easement with the prior permission of the Andersons.

David Williams, grandson of Helen Williams and eventual owner of 1208 West Main Street, testified that from 1985 to 1991 he walked across the easement, using it as a shortcut. Mr. Williams stated that he was never asked not to use the easement nor was he stopped from doing so.

Meredith Tracey, who began renting 1208 West Main Street in 1997, currently operates a retail business there. She testified that she walked through the easement. As well, she testified that she used the easement for loading and unloading of merchandise a couple of times a week. Ms. Tracey said that, before it was removed, she backed up to the cinderblock wall and unloaded items from her vehicle. She testified that prior to 1999 she never received a complaint from the Andersons.

In contradiction to the above testimony, Nancy Anderson testified that she had seen no one walk across the easement. Kenneth McCart, who owned a

business across Brunswick Street from the property at issue, and Drew Gilley, who operated a business across Main Street, both testified that they never saw anyone from 1208 walk across the easement. Theresa Anderson and John Anderson, III, children of the Andersons and employees of the printing shop, also testified. Theresa testified that Mr. Scherer might have walked across the easement once a month but that she had not seen any other tenant or owner of 1208 use the easement for pedestrian purposes. Likewise, John testified that he had never seen any tenant or owner of 1208 walk across the easement.

With respect to vehicular use of the easement by others, Nancy Anderson testified that the Andersons placed "No Parking" signs on their building and between the two properties. Theresa and John Anderson corroborated this testimony. Theresa said that she had asked people to move their cars from the easement, had left notes on cars requesting that they be moved and had arranged to have cars towed from the easement. She admitted that she had never towed a vehicle of an owner or tenant of 1208 West Main Street.

When a party claims that an easement has been abandoned, the burden is on that party to show abandonment by "clear and unequivocal evidence." *Hudson v. Pillow*, 261 Va. 296, 302 (2001). "Nonuse of an easement coupled with acts which evidence an intent to abandon or which evidence adverse use by the owner of the servient estate, acquiesced in by the owner of the dominant estate, constitutes abandonment." *Hudson*, 261 Va. at 302, quoting *Robertson v. Robertson*, 214 Va. 76, 81 (1973).

The court finds that the defendants have not shown, by clear and unequivocal evidence, nonuse of the easement. Because nonuse has not been established, the court does not need to reach the issues of intent to abandon or adverse use of the easement by the Andersons. Mr. Scherer, Mr. Williams, and Ms. Tracey, all either owners or tenants of 1208 West Main Street, testified unequivocally that they used the easement in some manner and with some regularity. Although the Andersons presented witnesses who stated no tenant or owner used the easement, the court notes that all of these witnesses made their observations while working and during the course of a regular business day.

The court recognizes that the Andersons attempted to prohibit third parties from parking in the easement, either through the use of "No Parking" signs or through the use of a towing service. As owners of 1210 West Main Street, the Andersons had a right to prevent trespassing on their property. The right to prevent trespassing by strangers, however, has no bearing on the issue of whether or not owners and tenants of 1208 used the easement. The defendants simply have not met their burden of proof to show that the owners or tenants of 1208 West Main Street did not use the easement.

In addition to a declaration of the existence and validity of the easement, LSB seeks a declaration that it is entitled to improve the easement. As no evidence was presented on this issue, the Court expresses no opinion about that matter.

It is, therefore, ordered that the easement over 1210 West Main Street as established in the decree entered on October 17, 1947, by the Chancery Court of the City of Richmond and admitted as Exhibit B of the Joint Stipulations of Fact is valid and has not been terminated. It is further ordered that plaintiff's motion for attorney's fees is overruled.